UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROY L. SNELL, JR.,

        Petitioner,

v.

UNKNOWN PARTY,

        Respondent.

_____/

Case No. 1:22-cv-1147

Honorable Phillip J. Green

## OPINION

    Petitioner Roy L. Snell, Jr. was recently convicted by a Newaygo County Circuit Court jury of first-degree murder and use of a firearm during the commission of a felony. He awaits sentencing. He is detained in the Newaygo County Jail in White Cloud, Michigan. Petitioner challenges the fact and result of his prosecution. His stream of consciousness-style, handwritten pleading raises a plethora of constitutional violations related to the criminal proceedings.

    Petitioner raised some or all of these claims before in *Roy L. Snell, Jr. v. Unknown Party* (*Snell I*), No. 1:22-cv-68 (W.D. Mich.). Judge Janet T. Neff dismissed that case on February 8, 2022, because Petitioner had failed to exhaust his state court remedies. Petitioner filed a notice of appeal; but he failed to cure a deficiency and the appeal was dismissed for want of prosecution, initially, *Snell I*, (ECF No. 18), and upon reconsideration, *id.*, (ECF No. 22).

Petitioner raised some or all of these claims again in *Roy L. Snell, Jr. v. Unknown Party* (*Snell II*), No. 1:22-cv-765 (W.D. Mich.). Judge Robert J. Jonker dismissed that case on September 9, 2022, for the same reasons that Judge Neff had dismissed *Snell I*.

Petitioner's "petition" in this case, like his petitions in *Snell I* and *Snell II*, attacks his continued detention and, at least by implication, seeks release from custody. When a person is in custody pursuant to the judgment of a state court, he may seek release by way of a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, however, is not yet detained pursuant to a judgment. Petitioner is in a slightly different procedural position than he was in when he filed *Snell I* and *Snell II*, because a jury has subsequently found him guilty of the charged crimes; but he is not yet held pursuant to the judgment of a state court. The Newaygo County Circuit Court will not enter judgment until Petitioner has been sentenced. Thus, a challenge to the constitutionality of his detention must be raised under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).[1]

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . .

---

[1] *Atkins*—and the cases cited therein—sometimes use the terms pre-trial and post-trial, but the language of the statute and the reasoning employed by the courts suggest the line would be more appropriately characterized as falling between pre-judgment and post-judgment.

. may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[2] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua*

---

[2] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

3

*non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding— the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at th[e] time the magistrate entered judgment.").[3] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

---

[3] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.  **Exhaustion under § 2241**

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a prejudgment detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a prejudgment § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's claims regarding his

detention do not clearly fall within any of these exceptional circumstances; but Petitioner does mention the almost 40-year delay between the crime and his prosecution and the 3-year delay between his initial detention and trial. The Court will consider those complaints as implicating Petitioner's speedy trial rights.

### A. Speedy trial claim

Not every speedy trial claim, however, is properly raised by way of a prejudgment habeas petition:

> [T]he speedy trial clause protects two related but distinct interests: the enforcement of the state's duty to provide a prompt trial and the protection of defendants from the prejudice that arises from a state's failure to carry out that duty. As noted by the Fifth Circuit in *Brown v. Estelle*, . . . "(t)his distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution" protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted. 530 F.2d [1280, 1283 (5th Cir. 1976)].

*Atkins*, 644 F.2d at 547. Thus, if Petitioner were asking this Court to order the Michigan Court to provide a prompt trial—and if he had already exhausted his state court remedies—this Court could entertain the petition. Here, though, Petitioner is not seeking that relief. Indeed, he has already been tried, so the only possible type of speedy trial claim that this Court might entertain—a claim asking the Court to compel a speedy trial—is no longer at issue. The relief Petitioner seeks, release, is "not attainable by way of pretrial habeas corpus." *Id*. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him because of a violation of the speedy trial guarantee, his habeas action must await the

conclusion of the state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

### B. Other grounds for relief

Even if Petitioner's other grounds for relief from his prejudgment detention were permitted, he would still have to exhaust his state court remedies. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981) (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not indicate that he has sought relief in the state courts—at least not beyond the Newaygo County Circuit Court—for the constitutional violations he alleges. Under state statutes and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner, including available appeals of the trial result. Relief under § 2241 is not available until after Petitioner has pursued his state court remedies.

7

The Court informed Petitioner of the exhaustion requirement when it dismissed *Snell I* and *Snell II*. Petitioner is still a long way from exhausting his state remedies through all levels of the state court system. Petitioner's return to this Court to file a new but virtually identical petition, without taking any steps to exhaust his remedies, is frivolous.

## II. Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied either because it is premature or because he has failed to exhaust available state court remedies. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed as premature and unexhausted. Therefore, a certificate of appealability will be denied. For the same reasons, and particularly because Petitioner has effectively refiled the same petition that was previously denied without any meaningful change in circumstances, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition without prejudice as premature and for lack of exhaustion and denying a certificate of appealability.


Dated:  January 18, 2023                 /s/ Phillip J. Green
                                                                PHILLIP J. GREEN
                                                                United States Magistrate Judge